USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

MYRON WAGNER,

                  Defendant.

No. 20-CR-410 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendant Myron Wagner ("Defendant") was charged by indictment on August 17, 2020, with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and (2). (ECF No. 9.) On April 8, 2022, following a jury trial, Defendant was found guilty. Before the Court are Defendant's post-trial motions for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (ECF No. 82.) For the following reasons, Defendant's motions are DENIED in their entirety.

## LEGAL STANDARDS

### I. Rule 29 Motion

Federal Rule of Criminal Procedure 29 provides that after the close of the Government's evidence in a criminal trial, the court "on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Specifically, a court "will grant a motion to enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003).

This standard imposes a heavy burden on a defendant. A court must affirm a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Put differently, a court will grant a motion for an acquittal only if "the evidence that the defendant committed the crime alleged [was] 'nonexistent or [] meager.'" *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (quoting *United States v. White*, 673 F.2d 299, 301 (10th Cir. 1982)).

When assessing the sufficiency of the evidence, the Court must "view the evidence in the light most favorable to the government and construe all possible inferences in its favor." *United States v. Badalamenti*, 794 F.2d 821, 828 (2d Cir. 1986). The Court must consider direct evidence as well as any circumstantial evidence proffered. *See United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) ("[T]he jury's verdict may be based entirely on circumstantial evidence."). In so doing, the Court must view the evidence in its totality, not in isolation, and the Government is not required to negate every possible theory of a defendant's innocence. *See United States v. Rosenthal*, 9 F.3d 1016, 1024 (2d Cir. 1993). Most importantly, the Court must be mindful not to "usurp[ ] the role of the jury," *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004) (citing *Jackson*, 335 F.3d at 180), or "substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Id*. (citing *Guadagna*, 183 F.3d at 129) (internal quotations omitted).

II.     **Rule 33 Motion**

Under Federal Rule of Criminal Procedure 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Courts typically grant Rule 33 motions "only in extraordinary circumstances" after reviewing "with caution." *United States v. Moore*, 54 F.3d 92, 99 (2d Cir. 1995); *accord United States v. Torres*, 128 F.3d

38, 48 (2d Cir. 1997). "The defendant bears the burden of proving that he is entitled to a new trial." *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009).

While Rule 33 "confers broad discretion upon a trial court," the Court's granting of the motion must be predicated upon the need to "avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). The Court must "examine the entire case, take into account all facts and circumstances, and make an objective evaluation." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). The Court must also "defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *United States v. LeRoy*, 687 F.2d 610, 616 (2d Cir. 1982) (citing *United States v. Fisher*, 484 F.2d 868, 869–70 (4th Cir. 1973)). The "ultimate test" for the Court's consideration is "whether letting a guilty verdict stand would be a manifest injustice" such that "an innocent person may have been convicted." *Ferguson*, 246 F.3d at 134 (citation and quotation marks omitted); *see also United States v. Aponte-Vega*, 230 F.3d 522, 525 (2d Cir. 2000) (per curiam) (explaining that new trial "is merited only if . . . the evidence is such that it would probably lead to an acquittal" (internal quotations omitted)).

## DISCUSSION

Defendant argues that (1) there was insufficient evidence at trial to establish his guilt of possession of the Rohm RG-10 .22 caliber revolver as charged in the one-count Indictment; (2) the jury improperly relied on witness Juan Gabriel Garcia Veloz's testimony; and (3) the Court's response to the jury's note regarding firearm was inappropriate. (*See* "Def.'s Mot.," ECF No. 83.)

Having reviewed the evidence in the light most favorable to the Government, and upon consideration of the totality of the evidence, this Court concludes that there was sufficient evidence at trial for the jury to find Defendant guilty of the crime charged and that the Court's response to the jury's note regarding firearm was appropriate.

I.    **Sufficiency of the Evidence**

Defendant maintains that the Government did not establish beyond a reasonable doubt that Defendant possessed the firearm as charged in the Indictment. (Def.'s Mot. at 5.) The Indictment charged Defendant with one count of felon in possession of a firearm—a Rohm RG-10 .22 caliber revolver. (ECF No. 9.) As the Court stated during its jury charge, to find the Defendant guilty, the jury had to find that the Government proved three elements beyond a reasonable doubt:

(i)   First, that the defendant had been convicted of a crime and knew he had been convicted of a crime punishable by imprisonment of a term exceeding one year in a court of the United States or any state prior to the date he allegedly possessed the firearm, that is, prior to on or about August 3, 2020;

(ii)  Second[], that on or about August 3, 2020, the defendant knowingly possessed a firearm; and

(iii) [T]hird, . . . that the defendant's possession of the firearm was in or affecting interstate or foreign commerce.

(April 7, 2022 Trial Tr. at 497:18–498:4). The Court specified that to satisfy the second element, the Government must have proven the defendant "had either actual possession of the firearm charged in the indictment or that he had the power or intention to exercise control over the firearm charged in the indictment." (*Id.* at 500:10–13.)

Pursuant to Rule 29, Defendant avers a judgement of acquittal is appropriate because there was insufficient evidence to prove Defendant knowingly possessed the Rohm RG-10 .22 revolver. (Def.'s Mot. at 5–6.) Defendant argues that the Government's witness Joan Pense testified that she heard "bang, bang, bang, a pause and then bang, bang" which, while he conceded was consistent with a finding of multiple gunshots fired, was "completely inconsistent with the Rohm RG-10 .22 caliber revolver which contained only one discharged bullet shell." (*Id.* at 6.) Defendant observes that no law enforcement officer testified they witnessed Defendant in possession of any firearm at any point in time and no gun was found in Defendant's possession at the time of his arrest. (*Id.* at 7.) Defendant further avers the expert testimonies offered by both

parties provided no evidence that Defendant possessed the firearm charged in the Indictment on August 3, 2020. (*Id.*)

Having viewed the evidence in totality and in the light most favorable to the Government, the Court concludes there was sufficient evidence for the jury's verdict that Defendant knowingly possessed the specific firearm. At trial, the Government presented evidence to the jury to prove Defendant knowingly possessed the Rohm RG-10 .22 caliber revolver. The Government's first witness Ashley Johnston testified that Defendant, who was wearing a red baseball hat and black shorts, "pulled a small silver gun out of his pocket and shot at [her] window shield" while she was driving at the intersection of Nelson Avenue and Paulding Street on August 3, 2020. (April 5, 2022 Trial Tr. at 37, 42, 47.) The Government then offered eyewitness testimony from Joan Pense, who stated that she witnessed a black male, wearing "a red cap and black shorts and a dark shirt," shoot at a car at the intersection of Nelson Avenue and Paulding Street. (*Id.* at 69–70.) The Government also offered the testimony of witness Daniel Pense who testified that he "heard some popping noises" from the front of his house and found his wife, Joan Pense, who asked him to call 911 because she "observed some shooting taking place in the street." (*Id.* at 82–86.) The Government offered surveillance footage to corroborate that Defendant was at the intersection of Nelson Avenue and Pauling Street at the time of the shooting. (*See* Gov. Exs. 201, 201-A.)

Government witnesses Peekskill Police Department Police Officers Matthew Rivera and Frank Muscente testified that they saw the Defendant inside the Peekskill Police Department wearing the same clothes as witnesses Ashley Johnston and Joan Pense described and that Defendant was arrested in those same clothes outside of the barbershop after the 911 call regarding the shooting. (April 6, 2022 Trial Tr. at 107:5–6, 186:21–22, 193:15.) The jury heard Officer Rivera's testimony that he saw Defendant go into the Fantastic Barbershop and exit the shop about

a minute later.  (*Id.* at 193–94.)  Officer Rivera testified he "found a small, silver revolver inside the barbershop . . . inside a drawer of one of the barbershop workstations."  (*Id.* at 195.)  The Government also offered the testimonies of two witnesses from the barbershop.  Witness Juan Gabriel Garcia Veloz, a barber at Fantastic Barbershop, identified Defendant's photograph in Government Exhibit 601A as a customer named "Doggie."  (*Id.* at 245:14–246:2.)  Veloz testified that Defendant "came into the business fleeing" and thew a revolver at him.  (*Id.* at 247–48.).  Veloz further testified the gun recovered by Officer Rivera was the gun thrown at him.  (*Id.* at 258.)  Witness Lenin Pichardo, also a barber at Fantastic Barbershop, testified that on August 3, 2020 Defendant ran into the barbershop and went over to Veloz's chair quickly before going outside.  (*Id.* at 272–73.)

The Government further offered physical evidence and expert testimonies regarding the Rohm RG-10 revolver.  Detective Arthur Holzman, an expert in firearms examination and microscopic comparison, testified that the Rohm RG-10 revolver recovered by Officer Rivera had been discharged and that the spent cartridge casing recovered was filed by the .22 short caliber Rohm revolver.  (April 7, 2022 Trial Tr. at 338, 340).  Forensic Science Specialist Brandi Clark, an expert in gunshot residue analysis, testified that she recovered gunpowder particles from Defendant's black t-shirt (Gov. Ex. 3) and shorts (Gov. Ex. 4) during her examination.  (*Id.* at 367–71).

Overall, the Court finds that a jury considering such testimony and evidence presented could have reasonably concluded that Defendant knowingly possessed the Rohm RG-10 .22 caliber revolver.

## II.     Juan Gabriel Garcia Veloz's Testimony

Pursuant to Rule 33, Defendant asks the Court to vacate the verdict and order a new trial in the interest of justice "because witness Juan Gabriel Garcia Veloz' testimony lacked sufficient credibility." (Def.'s Mot. at 8–9.)

The Government called Juan Gabriel Garcia Veloz as a witness at trial. Contrary to Defendant's claim that Veloz never identified the Defendant as "Doggie," Veloz was shown a photograph of Defendant (Gov. Ex. 601A) to which he confirmed he recognized the person in the photograph as Doggie. (April 6, 2022 Trial Tr. at 245:13–21.) Veloz repeatedly stated that Doggie threw a revolver at him. (*Id.* at 248:15–16, 250:7–19, 253:5–11, 254:20–24, 255:16–22.) When Veloz was shown a photograph of the revolver recovered (Gov. Ex. 366), he stated initially "I don't think it's that one. I don't know" and then when asked again if he sees a gun in the picture, he responded "I see one. But I don't recognize if that's the one . . . It looks similar to it, but I don't know if it's the same one." (*Id.* at 254:13–19.) But, critically, when asked later whether "[t]he gun the police found at your workstation [was] the gun that Doggie threw at you," Veloz responded "[e]xactly, the one he threw at me." (*Id.* at 258:5–7.)

It is axiomatic that trial courts "must defer to the jury's resolution of the weight of the evidence and the credibility of witnesses." *LeRoy*, 687 F.2d at 616. A district court "may not 'reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable.'" *United States v. Archer*, 977 F.3d 181 (2d Cir. 2020), *cert. denied*, 142 S. Ct. 425 (2021) (quoting *United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997)). Only where exceptional circumstances exist may the trial judge intrude upon the jury function of credibility assessment. *See United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). For example, where testimony is deemed "patently incredible or defies physical realities," the Court may reject such

evidence despite the jury's evaluation. *Ferguson*, 246 F.3d at 133 (quoting *Sanchez*, 969 F.2d at 1414). The Court finds that no such exceptional circumstances exist here and must accordingly defer to the jury's resolution as to the credibility of this witness.

**III.     Court's Response to Jury Note**

During jury deliberation, the jury sent a note to the Court on April 7, 2022 at 5:03 P.M. (April 7, 2022 Trial Tr. at 514.) One of the two questions asked by the jury in the note was: "Does the prosecution have to prove that Myron possessed Government Exhibit No. 1, the Rohm .22 caliber pistol, or do they need to prove that he had a gun in his possession?" (*Id.*; Court Ex. No. 1.) In response, the Court reread a portion of the jury charge and stated the following: "The answer to that is there's only one relevant firearm in this case, and that so, yes, the Rohm .22 caliber pistol." (April 8, 2022 Trial Tr. at 7–8.)

Defendant now claims the Court's response to the jury note was inappropriate. Defendant avers the Court failed to "specifically instruct them that it was only the Rohm RG-10 .22 caliber revolver that could be considered and that if they found that it 'could have been any other firearm, then the jury must return a verdict of Not Guilty.'" (Def.'s Mot. at 10.) "The trial court enjoys considerable discretion in construing the scope of a jury inquiry and in framing a response tailored to the inquiries posed." *United States v. Rommy*, 506 F.3d 108, 126 (2d Cir. 2007). "In doing so, it is not required to reference specific arguments advanced or defenses raised by counsel in urging particular outcomes." *Id.* In response to the jury's particular question, the Court appropriately instructed the jury that "there's only one relevant firearm in this case . . . the Rohm .22 caliber pistol." (April 8, 2022. Trial Tr. at 8.) The Court need not have further provided a response to the unasked question of what happens if the jury finds the defendant possessed a firearm other than the Rohm RG-10 .22 caliber revolver. Furthermore, even if, *arguendo*, the Court's response to the

jury was inadequate or inappropriate, any such error was harmless and did not affect the jury's finding that Defendant knowingly possessed the Rohm RG-10 .22 caliber revolver beyond a reasonable doubt. *See United States v. Moran-Toala*, 726 F.3d 334, 344 (2d Cir. 2013) (applying harmless error analysis to instructional errors where the error at issue does not "categorically 'vitiate all the jury's findings.'" (quoting *Hedgpeth v. Pulido*, 555 U.S. 57, 61 (2008)). Accordingly, Defendant's argument is rejected and the motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motions pursuant to Rules 29 and 33 to acquit and to order a new trial are DENIED. Defendant failed to meet his burden of demonstrating that, based on the evidence presented at trial, "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt," Fed. R. Crim. P. 29(a), (c); *Jackson*, 335 F.3d at 180 (citing *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002)), or that a new trial was warranted in the interest of justice.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 82. Sentencing is scheduled to be in person on September 21, 2022 at 10:00 A.M.

Dated: July 15, 2022　　　　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge